UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-21559-CIV-COHN/SELTZER
03-20347-CR-COHN

MARC M. HARRIS,

      Movant,

v.

UNITED STATES OF AMERICA,

      Respondent.

_____/

## ORDER DENYING MOVANT'S MOTIONS TO COMPEL

**THIS CAUSE** is before the Court upon the Motion of Movant Marc M. Harris to Compel Production of Documents [DE 195] ("Documents Motion") and the Motion of Movant Marc M. Harris to Compel Answers to Certified Deposition Questions [DE 196] ("Deposition Motion") (collectively "Motions"). The Court has carefully considered the Motions, the Government's Opposition to Motion of Movant Marc M. Harris to Compel Production of Documents [DE 197] ("Documents Response"), the Government's Opposition to Motion of Movant Marc M. Harris to Compel Answers to Certified Deposition Questions [DE 198] ("Deposition Response"), Movant's Reply [DE 201][1], and is otherwise fully advised in the premises.

## I. BACKGROUND

On November 24, 2003, Movant Marc M. Harris ("Harris"), represented by attorneys Frank Rubino and Joaquin Fernandez ("Fernandez"), was convicted of tax fraud and money laundering offenses. Thereafter, on May 21, 2004, the Court

---

[1] The Reply is filed in support of both Motions.

sentenced Harris to serve 204 months followed by three years of supervised release. The Court also fined Harris $20,324,560.00, ordered restitution of $6,588,949.50, and imposed a special assessment of $1,500.

On October 9, 2007, Harris filed a Section 2255 motion.[2]  See Motion to Vacate, Set Aside, or Correct a Sentence [DE 15-1] ("2255 Motion").  As a result, United States Magistrate Judge Barry S. Seltzer held a two-day evidentiary hearing before issuing a Report and Recommendation on June 27, 2008.  The Report and Recommendation recommended that the Court deny the 2255 Motion.  See Report and Recommendation [DE 83].  Consequently, on May 18, 2009, Harris filed his "Motion to Supplement, Expand And/Or Amend His 2255 Motion with Newly Discovered Evidence That Fernandez Was Conflicted by Danger of Federal Criminal Prosecution" [DE 109] ("Motion to Supplement").

In his Motion to Supplement, Harris alleged that defense attorney Fernandez was conflicted because he failed to disclose that he was the target of three grand jury investigations concerning potential narcotics, money laundering, and tax violations.  Id. at 3-4, 10.[3]  On September 18, 2009, the Court granted Harris's Motion, but delineated the specific area in which it agreed to give Harris's 2255 Motion further consideration:

_____

[2]      The 2255 Motion sought relief based upon twenty-one separate grounds. Specifically, the 2255 Motion raises eight allegations of ineffective assistance of counsel, six allegations of prosecutorial misconduct and perjured testimony, one claim of newly discovered evidence, one venue challenge, three assertions regarding the Pre-sentence Investigation Report and the constitutionality of the United States Sentencing Guidelines, and two other grounds that allege the trial impinged upon Harris' constitutional rights.  DE 15-1.

[3]      The Government timely opposed this motion on June 5, 2009, DE 112, and Harris filed a reply, DE 128.

[T]he focus of any expansion of the record is limited to Mr. Fernandez's pretrial representation of Mr. Harris and any actual conflict that existed which affected Mr. Fernandez's representation. In addition, the parties should address the following:

1. Evidence that Fernandez knew he was the subject of a criminal investigation;

2. If so, whether it affected his pre-trial representation of Mr. Harris; and

3. Whether Mr. Harris was prejudiced.

DE 137 at 2-3 ("September 18, 2009 Order").  On May 4, 2010, Harris filed an additional Motion for Leave to Conduct Discovery [DE 156].  On June 1, 2010, the Court granted in part the Motion for Leave to Conduct Discovery.  See DE 163 ("June 1, 2010 Order").  In the June 1, 2010 Order, the Court reiterated that Harris would be restricted to take discovery of the matters set forth in the September 18, 2009 Order only.  Id. at 4.  After the Government provided the Court with a copy of the United States Attorney's Office file from the 2003 grand jury investigation of Fernandez, the Court conducted an *in camera* review and determined that only one document in the file need be disclosed to Harris.  See DE 172.

After allowing additional time for Harris to continue his investigation regarding attorney Fernandez's conflict of interest, the Court set a deadline of November 30, 2011, for Harris to complete depositions of Assistant United States Attorney Brian Frazier, former Assistant United States Attorney Jacqueline Arango, and Drug Enforcement Supervisory Special Agent Dennis Hocker ("Special Agent Hocker").  See DE 181.  Harris filed the instant Motions after the Government refused to produce certain documents requested in connection with the depositions and to allow the

3

deponents to answer certain questions at the depositions.  The Government opposes the relief sought in both Motions on privilege and relevancy grounds.  The Court will address both Motions individually below.

## II. DISCUSSION

### A. Motion to Compel Production of Documents.

Harris seeks to compel production of various documents from the 2003 grand jury investigation of Fernandez.  Documents Motion at 1-2.  Harris also seeks production of interview notes and reports that Special Agent Hocker prepared in connection with witness interviews of Jose I. Macia, Carmen Londono, and Carlos Ramon Zapata.  Id. at 2, 30-32 (discussing Requests for Production Nos. 15-18).  The Government represents that "[w]ith the exception of Special Agent Hocker's reports and notes, all of the records Harris now seeks were contained in the U.S. Attorney's Office grand jury file which has already been reviewed in camara by the Court to determine whether it contained any documents bearing on the issue of whether Joaquin Fernandez knew he was the subject of a grand jury investigation."  Documents Response at 14.  The Government objects to the production of Special Agent Hocker's notes and reports on relevancy grounds.  Id. at 10-11.

The Court has re-reviewed the U.S. Attorney's Office grand jury file and finds, consistent with the prior ruling, that these documents are not relevant to the limited scope of discovery permitted by the Court in its September 18, 2009 and June 1, 2010 Orders.   Accordingly, the Court will deny the motion to compel as to Requests for Productions Nos. 1-14.  Because the reports of Special Agent Hocker requested in Requests for Productions Nos. 15-18 were not previously reviewed in camera, the Court

4

entered an Order requiring the Government to "produce for *in camera* review any reports and notes of Special Agent Hocker requested by Movant in Requests Nos. 15-18." DE 202 at 2. The Government complied with this order on April 4, 2012. After reviewing the document produced for *in camera* inspection, the Court concludes that this document is also irrelevant to the narrow scope of discovery permitted by the Court. Accordingly, the motion to compel will be denied as to Requests for Production Nos. 15-18.

### B. Motion to Compel Answers to Certified Deposition Questions.

Harris also seeks to compel answers to certified deposition questions that counsel for the Government refused to allow Special Agent Hocker to answer on the grounds of relevancy and speculation and Assistant United States Attorney Brian K. Frazier to answer on the grounds of privilege. Deposition Motion at 1. The Government opposes the Deposition Motion, arguing that the questions Harris seeks to compel answers to are protected by privilege and/or speculative or irrelevant. Deposition Response at 3.

### 1. Questions Directed to Special Agent Hocker.

Harris first argues that it was improper for the Government to object to questions posed to Special Agent Hocker on relevancy grounds because these questions clearly fall within the scope of discovery authorized by the Court. Deposition Motion at 5-6. Harris cites Federal Rules of Civil Procedure 26(b), 30(c)(2), and Appendix A, Article II, section 2(B)(2) to the Southern District of Florida local rules to support his argument that it was improper for the Government to instruct Special Agent Hocker not to answer his questions. Id. at 6.

Rule 26(b) explicitly provides that the scope of discovery may be limited by court order.  Fed. R. Civ. P. 26(b).  Additionally, Rule 30(c)(2) provides that "[a] person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the Court, or to present a motion under Rule 30(d)(3)."  Fed. R. Civ. P. 30(c)(2).  Thus, the Government's instructions to Special Agent Hocker not to answer certain questions based on relevancy grounds would be proper if these questions fell outside the narrow scope of discovery permitted by the Court in its September 18, 2009 and June 1, 2010 Orders.  The Court will individually address the motion to compel as to each question posed to Special Agent Hocker.

**Question One**: "What would be the practice of policy in that time frame about interviewing someone who was represented by counsel?"

Harris contends that this question is within the scope of discovery permitted by the Court because "*[i]f* Mr. Macia was represented by counsel at the time, and *if* there was a practice or policy in place at the time that required federal investigators to ask permission, or otherwise inform defense counsel of impending interviews of their clients, and *if* such counsel was actually informed of the impending interview, then the identity of that person and other and other people potentially informed under this policy would certainly aid in Harris' investigation by providing more potential witnesses to the question of Jack Fernandez's knowledge that he was the target of criminal investigation."  Deposition Motion at 7 (emphasis added).  Harris' rationale for why this question falls within the limited scope of discovery authorized by the Court is premised on no less than three "ifs."  Thus, the Court agrees with the Government that Harris is not entitled to compel an answer to this question because it "bear[s] no direct

6

relationship to the specific issue of whether Fernandez knew he was the subject of a grand jury investigation [or any other criminal investigation] at the time he represented Harris." See Deposition Response at 6.

**Question Two**: "What did [Carlos Ramon Zapata] say, during that phone conversation, that he was continuing to assist law enforcement?"

Harris argues that this question, which addresses whether Carlos Ramon Zapata was still cooperating with the government's investigation, "could prove relevant in Harris' investigation." Deposition Motion at 8. Again, Harris premises the relevancy of this question on a series of hypotheticals. See id. The Court does not find any relevance between this question and whether Fernandez knew he was the subject of a criminal investigation. Accordingly, the Court will deny the motion to compel as to this question.

**Question Three**: "Special Agent Hocker, let's talk a little bit more about Carlos Ramon Zapata. Was there anyone who might be referred to, at least casually, as Mr. Carlos Ramon Zapata's handler by law enforcement?"

Once again, Harris premises his argument regarding the relevancy of this question on speculation that the answer to this question could lead to information within the limited scope of discovery authorized by the Court. Because this question is too far afield from the issue of whether Fernandez knew he was the subject of a criminal investigation, the Court will deny the motion to compel as to this question.

**Question Four**: "Did you consider [Carlos Ramon Zapata] to be a valuable witness?"

Harris argues that this question is relevant because it "goes to the credibility of Carlos Ramon Zapata as witness on the point of whether he ever informed Jack Fernandez of the criminal investigation, or knows of anyone who did." Deposition Motion at 9. The Court will deny the motion to compel as to this question because

Special Agent Hocker's opinion as to the value of Mr. Zapata as a witness is completely irrelevant as to the issue of whether Fernandez knew he was the subject of a criminal investigation.

**Question Five**: "Did you ever learn who Jack Fernandez practiced law with?"

**Question Six**: "Did you ever learn who [Jack Fernandez] shared space with?"

**Question Seven**: "Did you ever learn who [Jack Fernandez] referred cases to?"

**Question Eight**: "Did you know what lawyers he was friendly with?"

Harris argues that these questions might lead to further witnesses on the issue of whether Fernandez knew he was under a criminal investigation because Fernandez might have confided that he was the subject of a criminal investigation to anyone he practiced law with, shared space with, or referred cases to.  Deposition Motion at 10-11.  The Government argues that the motion to compel must be denied because these questions "are further illustrations of how just far afield Harris's counsel traversed during these depositions in an attempt to possibly stumble upon something useful."  Deposition Response at 7.  The Court agrees with the Government that these questions are too speculative to fall within the scope of the Court's discovery order. "[T]he discovery rules do not permit the appellants to go on a fishing expedition."  Porter v. Ray, 461 F.3d 1315, 1324 (11th Cir. 2006).  If the Court were to permit the Harris to pursue answers to these questions, there could potentially be no limit to the future discovery that he would seek.  In re Fontaine, 402 F. Supp. 1219, 1221 (E.D.N.Y. 1975) ("While the standard of relevancy is a liberal one, it is not so liberal as to allow a party to roam in shadow zones of relevancy and to explore matter which does not presently

appear germane on the theory that it might conceivably become so.") (internal

quotations omitted).  Thus, the Court will deny the motion to compel as to these

questions because the Harris cannot be allowed to engage in a speculative fishing

expedition.

**Question Nine**: "Would you please try to think of ways by which Jack Fernandez might have gotten wind of the fact that someone was investigating him?"

Harris argues that this question seeks information directly relevant to whether

Fernandez found out he was the subject of a criminal investigation.  Deposition Motion

at 12.  Harris also contends that it was improper for the Government to instruct the

witness not to answer a deposition question on the basis of speculation.  Id.  The Court

agrees with the Government that it was improper for Harris to ask "Special Agent

Hocker to ponder the different ways Fernandez 'might have gotten wind of the fact that

somebody was investigating him."  See Deposition Response at 7.  Special Agent's

speculation cannot lead to admissible evidence as to whether Fernandez actually knew

that he was the subject of a criminal investigation.  Accordingly, the Court will deny the

motion to compel as to this question.

**Question Ten**: "What were the possibilities that Jack Fernandez might have gotten wind of the fact that he was being investigated?"

As with Question Nine, the Court finds that this question, which also asks Special

Agent Hocker to speculate how Fernandez might have learned that he was the subject

of a criminal investigation, cannot lead to admissible evidence.  Thus the Court will

deny the motion to compel as to this question.

**Question Eleven**: "Putting aside your lack of personal knowledge, were there any clues there collectively that he was, you know, fearful that he might be prosecuted?"

This question asks Special Agent Hocker whether Fernandez was fearful of prosecution.  Harris, however, asks Special Agent Hocker to speculate and answer the question "[p]utting aside his lack of personal knowledge."  Accordingly, the Court will deny the motion to compel because this question is too speculative to lead to admissible evidence.

2. Questions Directed to Assistant United States Attorney Brian Frazier.

Harris next argues that it was improper for the Government to invoke the deliberative process privilege when refusing to allow Assistant United States Attorney Brian Frazier to answer certain questions.  Deposition Motion at 13-15.  Harris also argues that the Government waived this privilege when "it disclosed in filings before this Court that the reason the investigation into Jack Fernandez was dropped was 'insufficient evidence.'"  Id. at 15.  Finally, Harris contends that his need for the information protected by the privilege overcomes the qualified nature of the privilege. Id.  The Government opposes the motion to compel, arguing that Harris' questions to Assistant United States Attorney Frazier "go to the essence of a prosecuting office's confidential internal decision-making processes."  Deposition Response at 4.  The Government also contends that the challenged questions fall outside the scope of the Court's discovery order.  Id.  Finally, the Government also disputes that it waived any privilege because the Court sua sponte unsealed Government's "Ex Parte Disclosure of a Grand Jury Matter."  Id.

The deliberative process privilege is intended to protect the quality of an agency's decision-making process.  Miccosukee Tribe of Indians of Fla. v. United States, 516 F.3d 1235, 1263 (11th Cir. 2008).  Two requirements must be met for the

10

deliberative process privilege to apply.  Id.  First, the material must be pre-decisional, that is "prepared in order to assist an agency decision maker in arriving at his decision." Id. (internal citations and quotations omitted).  Second, it must be deliberative, "a direct part of the deliberative process in that it makes recommendations or expresses opinions on legal or policy matters."  Id.  Factual material contained in a "deliberative" document may be withheld pursuant to the privilege if disclosure of the factual material would reveal the deliberative process or if the factual material is so inextricably intertwined with the deliberative material that meaningful segregation is not possible. Id.

**Challenged Questions**: "Was the investigation [of Jack Fernandez] discontinued because of insufficient evidence?"

"What was it that made the evidence insufficient?"

"What evidence was needed to make the case sufficient for prosecution?"

"What was lacking?"

The Court finds that is unnecessary to conclude whether the Government's assertion of the deliberative process privilege was proper as to these questions.  It is clear that these questions fall outside the scope of limited discovery permitted by the Court, because they are not targeted to whether Fernandez knew that he was the subject of a criminal investigation.  Accordingly, irrespective of the basis of the objection asserted by the Government at the deposition, the Court will deny the motion to compel as to these questions.

III. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1.   Motion of Movant Marc M. Harris to Compel Production of Documents [DE 195]

     is **DENIED**;

2.   Motion of Movant Marc M. Harris to Compel Answers to Certified Deposition

     Questions [DE 196] is **DENIED**; and

3.   Per the Court's December 16, 2011 Order [DE 190], Harris may file any motion

     for an evidentiary hearing no later than May 7, 2012.

          **DONE AND ORDERED** in Chambers at Ft. Lauderdale, Florida this 4th day of

April 2012.

                                        JAMES I. COHN
                                        United States District Judge


Copies provided to counsel of record via CM/ECF.